J. Guma & Co. v. Hope Insurance Company of New Orleans.

Where the plaintiffs make out a *prima facie* case, it is incumbent upon the defendant to show that they have made a fraudulent exaggeration of their loss, otherwise the verdict of the jury will not be disturbed.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *T. J. & A. G. Semmes*, for plaintiffs.  *Bonford, Johnson & Denis*, for defendants and appellees.

Buchanan, J.   The defendants are appellants from a judgment rendered against them upon a policy of insurance against fire, signed by them in favor of plaintiffs.   The merchandise insured, a stock of Havana segars, was totally consumed within the time limited in the policy, by a fire originating in the adjoining tenement.   Upon this merchandise, plaintiffs had effected insurance, in three different offices, to the amount of twenty thousand dollars, six thousand of which in the office of defendants.

Defendants admit the execution of the policy; but plead in defence of this action, that plaintiffs had not on the insured premises, at the time of the fire, the amount of goods declared by them in their petition and in the sworn statement of loss delivered by them to the insurers as preliminary proof; that plaintiffs are fraudulently seeking to recover for a loss which they have not incurred, and, therefore, under the terms of the policy, have forfeited all claim to indemnity.

This issue of fact was submitted to a jury, who found in favor of plaintiffs for the total amount claimed.

After an ineffectual attempt to obtain a new trial, the defendants appealed.

The plaintiffs offered a mass of evidence in support of their claim, consisting, 1st, of the testimony of many dealers in segars in this city; 2d, of that of an auctioneer through whom they had made large sales of segars; 3d, of that of their clerk and others, to particular transactions; 4th, their invoice and sales books from the consignment of their business to the date of the fire, carefully and laboriously digested by a skillful accountant, who has been examined as a witness.

The evidence of plaintiffs certainly made out at least a *prima facie* case in their favor; and we think, with the jury, that the defendants have failed in fixing upon plaintiffs a fraudulent exaggeration of their loss.   The evidence offered for that purpose is of a very vague character.

Much pains seems to' have been taken to show that the quantity of Havana segars imported by the plaintiffs, through the Custom House, fell short of the quantity of stock of that sort of goods shown by the invoice book of plaintiffs to have been on hand in the course of their business in this city.   But the fact, if admitted, that plaintiffs had not imported through the Custom House as many Havana segars as they claim to have had on hand, would not be conclusive proof of the existence or non-existence of such a stock in their hands at the time of the fire.   They may have purchased the segars in this city, from an importer, who may or may not have paid duties on the importation.   It is proved that·one very large and valuable invoice was thus purchased a few weeks before the fire.

Again, it is proved that plaintiffs caused segars to be manufactured in this city, of Havana tobacco.   These segars never went through the Custom house, in the form of segars at least.   Yet we are not prepared to assert that they were improperly designated as Havana segars.   At all events, they would fall within the description of articles insured in plaintiffs' policy, which is, " Stock in trade, consisting principally of segars, tobacco, and Havana produce, contained in the second floor of the brick slated building," &c.

Upon the whole, we see no sufficient cause to disturb the verdict of the jury, upon questions purely of fact, presented to them in this case.

Judgment affirmed with costs.